1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

| VIVIANA M. RAMIREZ, | ) | No. C 09-0600 JSW (PR) |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS NOT WARRANTED** |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER GEORGE SPRINGER, OFFICER SPRANKLE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | |

15

16

17

18

19

20

21

22

23

24

**INTRODUCTION**

Plaintiff, a prisoner of the State of California currently incarcerated at Valley State Prison for Women, filed this pro se civil rights complaint under 42 U.S.C § 1983 alleging that Defendant San Jose Police Officers used excessive force against her during the course of her arrest and subsequently illegally searched her residence.  Plaintiff's motion to proceed *in forma pauperis* was previously granted in the United States District Court for the Eastern District of California, before this matter was transferred to this Court.  This Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and serves Plaintiff's claims as set forth below.

**STANDARD OF REVIEW**

25

26

27

28

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the

1   complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

2   fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

3   defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be

4   liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

5   1990).

6          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

7   (1) that a right secured by the Constitution or laws of the United States was violated, and

8   (2) that the alleged violation was committed by a person acting under the color of state

9   law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

10          Having reviewed the complaint, the Court finds Plaintiff's allegations, when

11   liberally construed, state a cognizable claim that Defendants Springer and Sprankle

12   violated her constitutional rights by using excessive force against her during arrest,

13   *Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth

14   Amendment protects arrestees from use of excessive force until release or arraignment),

15   and for illegally searching her residence, *Payton v. New York*, 445 U.S. 573, 586 (1980).

16   Accordingly, these claims will be served.

17                                   **CONCLUSION**

18          For the foregoing reasons, the Court orders as follows:

19          1.  The Clerk of the Court shall issue summons and the United States Marshal

20   shall Clerk of the Court shall issue summons and the United States Marshal shall serve,

21   without prepayment of fees, a copy of the Complaint and all attachments thereto, and a

22   copy of this order upon: **San Jose Police Officer George Springer (Badge Number**

23   **1937) and Officer Sprankle (Badge Number 3130)** at **the San Jose Police**

24   **Department.**  The Clerk shall also <u>mail a courtesy copy of the Complaint, all</u>

25   <u>attachments thereto, and this order to the San Jose City Attorney's Office</u> and serve a

26   copy of this order on Plaintiff.

27

28
                                         2

1          2.  No later than **sixty (60) days** from the date of this order, Defendants shall

2   either file a motion for summary judgment or other dispositive motion, or a notice to the

3   Court that he/she is of the opinion that this matter cannot be resolved by dispositive

4   motion.  The motion shall be supported by adequate factual documentation and shall

5   conform in all respects to Federal Rule of Civil Procedure 56.

6          a.  If Defendant elects to file a motion to dismiss on the grounds that Plaintiff

7   failed to exhaust his available administrative remedies as required by 42 U.S.C. §

8   1997e(a), Defendant **shall** do so in an unenumerated Rule 12(b) motion pursuant to

9   *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

10          b.  Any motion for summary judgment shall be supported by adequate factual

11   documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

12   **Defendant is advised that summary judgment cannot be granted, nor qualified**

13   **immunity found, if material facts are in dispute.  If Defendant is of the opinion that**

14   **this case cannot be resolved by summary judgment, she/he shall so inform the**

15   **Court prior to the date the summary judgment motion is due**.

16          All papers filed with the Court shall be promptly served on the Plaintiff.

17          3.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and

18   served on Defendant no later than **thirty (30) days** from the date Defendant's motion is

19   filed.

20          a.  In the event the Defendant files an unenumerated motion to dismiss

21   under Rule 12(b), Plaintiff is hereby cautioned pursuant to *Wyatt v. Terhune*, 315 F.3d

22   1108, 1119-20 & n.4 (9th Cir. 2003):

23          If defendants file an unenumerated motion to dismiss for failure to
        exhaust, they are seeking to have your case dismissed.  If the motion is
24          granted it will end your case.
            You have the right to present any evidence you may have which
25      tends to show that you did exhaust your administrative remedies.  Such
        evidence may be in the form of declarations (statements signed under
26      penalty of perjury) or authenticated documents, that is, documents
        accompanied by a declaration showing where they came from and why

27

28

they are authentic, or other sworn papers, such as answers to
interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case
will be dismissed and there will be no trial.

b.  In the event Defendant files a motion for summary judgment, the Ninth

Circuit has held that the following notice should be given to pro se Plaintiffs:

The defendants have made a motion for summary  judgment by
which they seek to have your case dismissed.  A motion for summary
judgment under Rule 56 of the Federal Rules of Civil Procedure will, if
granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for
summary judgment.  Generally, summary judgment must be granted when
there is no genuine issue of material fact--that is,  if there is no real dispute
about any fact that would affect the result of your case, the party who
asked for summary judgment is entitled to judgment as a matter of law,
which will end your case.  When a party you are suing makes a motion for
summary judgment that is properly supported by declarations (or other
sworn testimony), you cannot simply rely on what your complaint says.
Instead, you must set out specific facts in declarations, depositions,
answers to interrogatories, or authenticated documents, as provided in Rule
56(e), that contradict the facts shown in the defendants' declarations and
documents and show that there is a genuine issue of material fact for trial.
If you do not submit your own evidence in opposition, summary judgment,
if appropriate, may be entered against you.  If summary judgment is
granted in favor of defendants, your case will be dismissed and there will
be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to

read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477

U.S. 317 (1986) (holding party opposing summary judgment must come forward with

evidence showing triable issues of material fact on every essential element of his claim).

Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary

judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and

granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52,

53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4.  Defendant *shall* file a reply brief no later than **fifteen (15) days** after Plaintiff's

opposition is filed.

5.  The motion shall be deemed submitted as of the date the reply brief is due.  No

4

1 | hearing will be held on the motion unless the Court so orders at a later date.

2 |      6. All communications by the Plaintiff with the Court must be served on

3 | Defendant, or Defendant's counsel once counsel has been designated, by mailing a true

4 | copy of the document to Defendants or Defendant's counsel.

5 |      7. Discovery may be taken in accordance with the Federal Rules of Civil

6 | Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

7 | Local Rule 16-1 is required before the parties may conduct discovery.

8 |      8. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

9 | Court informed of any change of address and must comply with the court's orders in a

10 | timely fashion.  Failure to do so may result in the dismissal of this action for failure to

11 | prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12 |      This order terminates Docket No. 2.

13 |      IT IS SO ORDERED.

14 | DATED:  May 26, 2009

15

16 |      JEFFREY S. WHITE
     United States District Judge

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5 VIVIANA M. RAMIREZ et al,

Case Number: CV09-00600 JSW

6          Plaintiff,

**CERTIFICATE OF SERVICE**

7   v.

8 GEORGE SPRINGER et al,

9          Defendant.

                              /

10

11 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

12

13 That on May 26, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

14 receptacle located in the Clerk's office.

15

16

Viviana M Ramirez X25428

17 VALLEY STATE PRISON FOR WOMEN (96)
P.O. BOX 96

18 CHOWCHILLA, CA 93610

19

Dated: May 26, 2009

20                             Richard W. Wieking, Clerk
                            By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28